

| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Marina Moraru**<br>*Special Assistant Corporation Counsel*<br>Office: 212) 356-2456 |
|---|---|---|

January 5, 2024

**VIA ECF**
Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



     Re:  *M.K., et al., v. N.Y.C. Dep't of Educ.,* 23-cv-7867 (KPF)(JLC)

Dear Judge Failla:

  I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs, and expenses for legal work on an administrative proceeding under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), as well as for this action.

  I write to respectfully request that the Court adjourn the initial pretrial conference scheduled for January 18, 2024, *sine die*, as well as the joint submissions due January 11, 2024. Plaintiffs declined to consent to the request to cancel the upcoming conference.

  A conference in this case would not be fruitful because on January 2, 2024, Defendant served Plaintiffs with a final written offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D) ("Offer").[1]  As of that Offer, Defendant has fully valued this case, and is confident that if the case goes to briefing, the Offer will serve to cut off any recovery for work performed beyond

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys 'fees and related costs for certain services.
(i)In general. Attorneys 'fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
 (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
 (II) the offer is not accepted within 10 days; and
 (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

that date.

Guided by recent fees decisions and recommendations from the S.D.N.Y.,[2] Defendant has determined that not only would it be unable to obtain authority exceeding the Offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiffs' counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to mediation or negotiation, the purpose and intended effect of such offers will be lost. Indeed, plaintiff's counsel here has been admonished by Judge Abrams to carefully consider reasonable settlement offers by the DOE before proceeding to motion practice. *See C.L. v. DOE*, 21-cv-7094 (RA) (Sept. 29, 2022) ("The Court hopes that, in light of the amount of time and resources that both the parties—and the Court—expended on this federal litigation *and the reasonableness of the DOE's November 24, 2021 settlement offer*, Plaintiffs' counsel [Alizio] will take from this a lesson.") (emphasis added).

Accordingly, Defendant respectfully requests that the Court adjourn the conference scheduled for January 18, *sine die*, as well as the joint submissions due January 11. Additionally, in the event Plaintiffs do not accept the Offer (which expires on January 12, 2024), Defendant proposes the following briefing schedule:

> Plaintiff's motion due March 11, 2024.
> Defendants' opposition due April 11, 2024.
> Replies due April 26, 2024.

Plaintiffs' counsel informed me that he needs to discuss the proposed briefing dates with his partner (out of office until January 8) before agreeing. Due to my scheduled time off next week, I need to submit this letter today. If, after discussing, Plaintiffs need an extension of the proposed briefing dates, Defendant will consent to the extension.

---

[2] *See e.g., Y.S. v. DOE,* 21-cv-5878 (JPC)(BCM) (DOE offered $31,100.00, Judge Cronan "fee capped" at **$25,223.75**); *H.W.,* 21-cv-8604 (JLR)(SN) (DOE offered $27,434.00; Judge Rochon "fee capped" at **$21,386.29**); *F.R.,* 22-cv-1776 (VEC)(GWG) (DOE offered $40,750.00 ; Judge Caproni "fee capped" at **$39,760.37**); *E.W.*, 21-cv-11208 (VEC)(GWG) (DOE offered $28,000.00; Judge Caproni "fee capped" the award at $37,286.08); *M.Z.,* 21-cv-9451 (AT)(JLC) (DOE offered $16,000.00; Judge Torres "fee capped" the award at **$15,819.86**); *N.A.,* 21-cv-2643(PGG) (DOE offered **$29,720.00**; Judge Gardephe "fee capped" the award at **$26,392.05**); *M.R.*, 21-cv-5503 (VEC), 2022 U.S. Dist. LEXIS 198294 (DOE offered **$28,000.00**; Judge Caproni "fee capped" the award at *$23,977.87*); *V.W.*, 21-cv-6495 (PGG) (KHP), 2022 U.S. Dist. LEXIS 179510 (R&R, Plaintiff's Objections pending: DOE offered **$27,500**; Magistrate Judge Parker "fee capped" the award at *$27,340.47*); *K.E.*, 2022 U.S. Dist. LEXIS 172839 (DOE offered **$67,500.00**; Your Honor "fee capped" the award at *$63,083.27*); *T.A.*, 21-cv-7104, 2022 U.S. Dist. LEXIS 149319 (GHW) (DOE offered **$20,256.90**; Judge Woods "fee capped" the award at **$19,079.50**); *R.P.*, 2022 U.S. Dist LEXIS 76873 (DOE offered **$19,192.50**; Judge Furman "fee capped" the award at *$18,007.02***)**; *F.N.*, 21-cv-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (DOE offered **$21,022.50**; Judge Oetken "fee capped" the award at **$19,927.00**); *H.C.,* 2021 U.S. Dist. LEXIS 113620 (DOE offered **$40,001.00**; Judge Cott "fee capped" the award at **$38,951.31**). In each of the foregoing cases, plaintiffs were precluded from recovery fees for <u>all</u> work performed after the date of DOE's written offers.

Thank you for considering these requests.

Respectfully submitted,
*/s/ Marina Moraru*
Marina Moraru, Esq.
Special Assistant Corporation Counsel

cc: Steven Alizio (via ECF)

```
The Court is in receipt of Defendants' letter requesting an
adjournment of the Initial Pre-Trial Conference ("IPTC") in this
matter as well as a proposed briefing schedule.  (Dkt. #11).
Plaintiffs declined to consent to the request for an adjournment
and have not agreed to the proposed briefing schedule.

The IPTC schedule for next week is hereby ADJOURNED sine die.  The
Court declines to endorse a briefing schedule at this time.
Instead, the parties' shall jointly file a letter providing the
Court with a status update on the case on or before January 26,
2024.

The Clerk of the Court is directed to terminate the pending motion
at docket number 11.

Dated:     January 11, 2024         SO ORDERED.
           New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE